UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CALVIN N. TRAMBLE | ) | |
| | ) | |
| v. | ) | Nos. 1:03-cv-306 / 1:98-cr-077-05 |
| | ) | *Judge Edgar* |
| UNITED STATES OF AMERICA | ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion Petitioning the Court to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 filed by Calvin N. Tramble ("Tramble") (Court File No. 1). The motion by Tramble was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Court File No. 10). The Government opposes the § 2255 motion. After reviewing the record and the applicable law, I conclude Tramble's § 2255 motion is without merit and **RECOMMEND** that it be **DENIED AND DISMISSED WITH PREJUDICE** for the reasons set forth herein.

### I. *Standard of Review*

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972);[1] *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir.

---

[1] *Green v. Wingo* involves a petition for the writ of habeas corpus, pursuant to 28 U.S.C. § 2254, with respect to a state conviction. Nevertheless, §§ 2254 and 2255 are counterparts of each other and the law applicable to one generally applies to the other. *Davis v. United States,* 417 U.S. 333, 343-44 (1974); *Metheny v. Hamby,* 835 F.2d 672, 673-74 (6th Cir. 1987).

1

1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley,* 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law, without substantiating allegations with facts, is without legal merit. *Loum v. Underwood,* 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996). Tramble has failed to present any facts which establish that his sentence is subject to collateral attack under § 2255.

To warrant relief under § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. 339, 348, 354 (1994); *Grant v. United States,* 72 F.3d 503, 505-06 (6th Cir. 1996). "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair v. United States,* 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). A defendant must show a "fundamental defect" in the proceedings that necessarily results in a complete miscarriage of justice or an egregious error which violates due process in order to prevail under § 2255. *See Fair,* 157 F.3d at 430, *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994).

## II.    *Procedural History*

On August 28, 2003, Tramble timely filed a motion to vacate, set aside or correct his

sentence pursuant to § 2255 with supporting affidavit (Court File Nos. 1, 2). On July 19, 2004, Tramble filed a motion to amend his § 2255 motion to add a claim based upon the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ----, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (Court File No.4). The Government was ordered to respond on August 2, 2004 (Court File No. 3), and filed its response on September 16, 2004 (Court File No. 5). Tramble filed a further response in support of his motion on October 8, 2004 (Court File No.6). The Government filed a further brief to supplement its position that *Blakely* does not apply retroactively in post-conviction proceedings under § 2255 on January 6, 2005 (Court File No. 7). Tramble then filed a motion for summary judgment on his § 2255 claims with a supporting memorandum on January 31, 2005 (Court File Nos. 8, 9). The § 2255 motion was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) by the district court on March 29, 2005 (Court File No. 10).

### III.     *Factual Discussion*

On June 7, 1999, Tramble was sentenced to 200 months imprisonment for conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 846, and aiding and abetting money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), pursuant to his plea of guilty (Crim. Case No. 1:98-cr-77). A timely notice of appeal was filed on June 10, 1999 (*Id.*). The court of appeals affirmed Tramble's conviction and sentence on September 10, 2002 in a consolidated case involving six members of the drug trafficking conspiracy. *United States v. Stewart,* 306 F.3d 295 (6th Cir. 2002). The underlying facts of the case are summarized by the court of appeals as follows:

> In the mid 1990s, FBI agents in Chattanooga, Tennessee, engaged in a long-term investigation into a possible drug trafficking conspiracy

> involving Nathan Benford, his wife Rena Yvonne Benford, and several of their associates. The agents obtained authorization for electronic surveillance of land-based telephone lines at several premises as well as mobile phones, which was conducted between April 22, 1998 and July 30, 1998. These wiretaps, in conjunction with traditional surveillance and investigatory methods, revealed a vast drug trafficking conspiracy in the Chattanooga, Tennessee and Louisville, Kentucky areas involving defendants. The illegal operations were conducted using several premises, including the Uptown Supper Club, which is a nightclub operated by the Benfords, the S & S market, a convenience store managed by Stewart and owned by her father, as well as several of defendants' residences. Throughout the investigation, FBI agents acted on the information they received from the wiretap surveillance. At one point, an undercover agent posed as one of Benford's associates and was able to pick up a package of crack cocaine from one of the codefendants.

*Stewart*, 306 F.3d at 303.

Tramble raised several issues on direct appeal. He sought to vacate his guilty plea to the charge of aiding and abetting money laundering based upon the acquittal of a codefendant on the same charge. The court of appeals affirmed his conviction. *Id*. at 307. Tramble and several codefendants asserted an *Apprendi* claim that was denied on plain error review. *Id*. at 308-13, 315-18. Tramble contested a U.S.S.G. § 3B1.1(b) enhancement for his role in the offense. *Id*. at 316 n.11. As the court of appeals noted, Tramble was sentenced based upon a drug quantity of 14.5 kilograms of crack, which resulted in a base offense level of 38. *Id*. at 316 n.11. Tramble's offense level was increased for possession of a firearm and for Tramble's role in the offense, and was reduced for his acceptance of responsibility, resulting in a guideline range of 292 to 365 months. *Id*. The Government filed a motion pursuant to U.S.S.G. § 5K1.1, and Tramble was sentenced to a term of 200 months. *Id*. at 317. The court of appeals found the evidence demonstrated Tramble managed or directed the activities of at least one member of the conspiracy, and at least five persons were involved in the conspiracy, and thus the three-level role enhancement was proper. *Id*. at 316

4

n.11. Finally, the court of appeals rejected Tramble's argument that the Government had failed to prove that the 14.5 kilograms was crack rather than powder cocaine, as the district court had concluded. *Id.* at 317 n.12. Thus, Tramble's convictions and sentence were affirmed, and Tramble's subsequent request of a writ of *certiorari* was denied by the Supreme Court on January 13, 2003. *Tramble v. United States*, 537 U.S. 1146, 123 S. Ct. 946, 154 L. Ed. 2d 847 (2003).

## IV. *Application of Law*

### 1. *Motion to Amend*

Tramble filed a motion to amend his § 2255 motion in light of the Supreme Court decision in *Blakely*, which invalidated a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury trial. Tramble asserts that he improperly received a sentencing enhancement in light of the *Blakely* decision because he did not admit in his plea (and there was no jury finding) that he played a managerial or supervisory role under U.S.S.G. § 3B1.1(b) or that he engaged in relevant conduct concerning additional drug quantities that were not charged in the indictment under U.S.S.G. § 1B1.3. It is undisputed that the district court enhanced Tramble's sentence based on factual findings at least some of which had not been admitted in Tramble's plea. Tramble seeks re-sentencing without the enhancements.

The Supreme Court decided *United States v. Booker*, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005), which applied the *Blakley* reasoning to the Federal Sentencing Guidelines so that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" on January 12, 2005. The intervening

5

*Booker* decision now governs Tramble's *Blakely* claims. Tramble's direct appeal became final in January 2003, almost two years prior to the *Booker* decision.

Rule 15 of the Federal Rules of Civil Procedure governs whether to grant or deny leave to amend a pending § 2255 motion. *See Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978); *Oleson v. United States*, No. 00-1938, 2001 WL 1631828, at *2 (6th Cir. Dec. 14, 2001). Under Rule 15(a), once a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party . . . and leave of court shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In evaluating the "interests of justice," the Court may consider the "futility of the amendment." *Oleson*, 2001 WL 1631828, at *2. Futility may include, for example, an amendment that is time-barred or one asserting a claim that does not apply retroactively on collateral review. *Id.* at *3 & n.5.

Typically, a court must determine whether the amendment was timely filed as the proposed amendment is subject to the one-year statute of limitations period applicable to a motion filed pursuant to § 2255. *See id. at *3.* However, under these circumstances, the court must look not to the general one-year statute of limitations and equitable tolling, but rather to the restarting of the statute of limitations applicable to § 2255 motions on the date *Booker* was decided. If *Booker* applies retroactively, then the one-year statute of limitations does not begin to run until the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(3).

*Booker*, however, did not announce that it was retroactively applicable. Indeed, the

Supreme Court's decision in *Schriro v. Summerlin*, 124 S.Ct. 2519, 159 L. Ed. 2d 442 (2004),[2] indicates that it is unlikely that *Booker* will be given retroactive effect in the future. The Court's research indicates that all of the courts of appeals, including the Court of Appeals for the Sixth Circuit, that have addressed this issue have determined *Booker* is not applicable to motions filed under § 2255. *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir 2005) (holding *Booker* does not apply retroactively to cases already final on direct review); *see also, e.g.*, *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *United States v. Price*, 400 F.3d 844, 845, 849 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). In the future, if the Supreme Court makes *Booker* retroactively applicable to cases on collateral review, then Tramble can make application for relief at that time. However, at this time Tramble has no viable claim under *Booker*.

Accordingly, I **RECOMMEND** Tramble's motion to amend (Court File No.4) be **DENIED AND DISMISSED WITH PREJUDICE** because his sentencing enhancement claim is futile in light of the fact that the Supreme Court has not instructed that *Booker* should apply retroactively to cases pending on collateral review.

   *2.*   *Ineffective Assistance of Counsel*

Tramble alleges ineffective assistance of counsel on appeal arguing that his appellate counsel was deficient and he was prejudiced solely because appellate counsel did not assert his sentence should have been reduced as a result of Federal Sentencing Guidelines Amendment 635. In order

---

[2] The Court determined in *Schriro* that its previous decision in *Ring v. Arizona*, 536 U.S. 584 (2002), where it held that a sentencing judge sitting without a jury may not find an aggravating circumstance necessary for the imposition of the death penalty because those circumstances must be found by a jury, was a procedural rule and consequently, did not apply retroactively to death penalty cases already final on direct review.

7

to demonstrate ineffective assistance of appellate counsel, Tramble must show not only that his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Supreme Court in *Strickland* established the test for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious setting forth that a movant must demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.,* below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687-88; *see also Flippins v. United States,* 808 F.2d 16, 17-18 (6th Cir. 1987). As explained in *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992): "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689; *Sims v. Livesay,* 970 F.2d 1575, 1579-80 (6th Cir. 1992). To prevail, Tramble must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *see Brecht v. Abramson,* 507 U.S. 619, 637 (1993). Because his conviction and sentence are final, Tramble "must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief." *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady,* 456 U.S. 152, 156 (1982)).

"A defendant is entitled to the effective assistance of counsel in his first appeal of right." *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004). The performance of counsel is properly reviewed

8

under the *Strickland* standard. *Id.* Not only is Tramble required to show that counsel committed errors, he must also show his counsel's errors were so serious as to deprive him of a fair appeal. "To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient *and* that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable." *Id.* (citing *Strickland*, 466 U.S. at 687). The court of appeals has previously offered several non-exclusive considerations for determining whether appellate counsel has performed competently under the first prong of the *Strickland* test.[3] *See Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999). Applying the considerations to the issue of omitting issues on appeal, it has been held that appellate counsel is not ineffective for failing to raise meritless arguments on appeal. *Greenup v. United States*, 401 F.3d 758, 770 (6th Cir. 2005). Appellate counsel also is not constitutionally ineffective for failing to raise every conceivable argument on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (stating that the decision as to what issues are to be pressed on appeal should be left to the superior ability of counsel and not every colorable issue need be raised). Appellate counsel does not have a constitutional duty to "raise every

---

[3] The considerations are:
> (1) Were the omitted issues "significant and obvious"? (2) Was there arguably contrary authority on the omitted issues? (3) Were the omitted issues clearly stronger than those presented? (4) Were the omitted issues objected to at trial? (5) Were the trial court's rulings subject to deference on appeal? (6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable? (7) What was appellate counsel's level of experience and expertise? (8) Did the petitioner and appellate counsel meet and go over possible issues? (9) Is there evidence that counsel reviewed all the facts? (10) Were the omitted issues dealt with in other assignments of error? (11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes*, 171 F.3d at 427-28.

9

Case 1:03-cv-00306   Document 11   Filed 05/06/05   Page 9 of 12   PageID #: 31

conceivable colorable claim on appeal in order to fulfill his duty to his client." *Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000). There is absolutely nothing in the record to indicate Tramble's counsel failed to raise a valid issue on appeal that would have revealed some reversible error.

As Tramble notes, his case was argued on July 31, 2001, and was decided September 10, 2002. *Stewart*, 306 F.3d at 295. In the interim, effective November 1, 2001, the Sentencing Commission amended the commentary to U.S.S.G. § 3B1.2 to resolve a circuit split and clarify that a defendant in a conspiracy may receive a mitigating role reduction to his offense level even though he is only held accountable for an amount of drugs for which he was personally responsible. U.S.S.G. App. C, Amendment 635. Amendment 635 is not given retroactive effect under U.S.S.G. § 1B1.10, and thus provides no basis for modifying a sentence under 18 U.S.C. § 3582(c)(2). *United States v. Jackson*, No. 03-2391, 2004 WL 1888871, at *2 (6th Cir. Aug. 19, 2004).

In this case, the Court does not need to determine whether Amendment 635 could have been applied in a case pending on direct appeal on November 1, 2001, because Amendment 635 does not present a "colorable claim" under the facts of this case so counsel was not ineffective for failing to raise it. Tramble did not play a minor role in the conspiracy, so Tramble was not entitled to a mitigating role reduction. Any amendment to U.S.S.G. § 3B1.2, therefore, is completely immaterial to Tramble's case. Contrary to Tramble's argument, the district court found Tramble played a managerial role in the conspiracy and enhanced his sentence pursuant to U.S.S.G. § 3B1.1 on that basis. The court of appeals affirmed the enhancement. Thus, Tramble's counsel had no basis for asking the court of appeals to consider Amendment 635 in his case, and any such request would have been denied as frivolous. Tramble's claim of ineffective assistance of counsel is without merit because he suffered no prejudice. Even if Tramble's counsel had argued for an adjustment

for his role in the offense he would not have received an adjustment. Tramble can show neither deficient performance by counsel nor that he was prejudiced. There is nothing in the § 2255 motion or record to demonstrate Tramble's counsel's performance was deficient and caused Tramble to lose what he otherwise would probably have won on appeal. Thus, Tramble cannot satisfy either prong of the *Stickland* test. Accordingly, it is **RECOMMENDED** that Tramble's § 2255 motion (Court File No. 1) be **DENIED AND DISMISSED WITH PREJUDICE**. For the same reasons, I **RECOMMEND** that Tramble's motion for summary judgment on his § 2255 claims (Court File No. 8) be **DENIED AND DISMISSED WITH PREJUDICE**.

In addition after review of this case pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, I **RECOMMEND** that the Court **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, I **RECOMMEND** any application by Tramble for leave to proceed *in forma pauperis* on appeal be **DENIED**. 28 U.S.C. § 1915(a)(3); Fed. R. Civ. P. 24. I further **RECOMMEND** that should Tramble give timely notice of an appeal, such notice should be treated as an application for a certificate of appealability, which should be **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Rule 22(b) of the Federal Rules of Appellate Procedure.

## CONCLUSION

Accordingly, and as set forth more fully above, it is **RECOMMENDED**[4] that:

1). Tramble's § 2255 motion (Court File No. 1) be **DENIED AND DISMISSED WITH PREJUDICE**;

2). Tramble's motion to amend (Court File No. 4) be **DENIED AND DISMISSED WITH PREJUDICE**;

3). Tramble's motion for summary judgment (Court File No. 8) be **DENIED AND DISMISSED WITH PREJUDICE**;

4). Any application for leave to proceed *in forma pauperis* on appeal be **DENIED**; and

5). Should Tramble give timely notice of an appeal, such notice be treated as an application for a certificate of appealability and **DENIED**.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7, 106 S. Ct. 466, 472 n.7, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).