UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CALVIN N. TRAMBLE | ) | |
| | ) | |
| v. | ) | Nos. 1:03-cv-306/1:98-cr-077-05 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

**M E M O R A N D U M**

Calvin N. Tramble ("Tramble"), a federal prisoner, brings this *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1]. Tramble timely filed his § 2255 motion on August 28, 2003. *Id.* On July 19, 2004, Tramble filed a motion to amend his § 2255 motion [Doc. No. 4], seeking to add a claim based upon the decision in *Blakely v. Washington*, 524 U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004).

Pursuant to the Court's order [Doc. No. 3], the government filed its response to Tramble's § 2255 motion on September 16, 2004 [Doc. No. 5]. Subsequently, on October 8, 2004, Tramble filed a further response in support of his § 2255 motion [Doc. No. 6]. The government filed a supplemental brief – asserting that *Blakely* does not retroactively apply to post-conviction proceedings brought pursuant to § 2255 – on January 6, 2005 [Doc. No. 7]. Tramble then filed a motion for a summary judgment on his § 2255 claims on January 31, 2005. [Doc. No. 8].

Thereafter, on March 29, 2005, this matter was referred to United States Magistrate Judge Susan K. Lee for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. No. 10]. On May 6, 2005, Magistrate Judge Lee filed a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. No. 11]. The Magistrate Judge recommended that: (1) Tramble's § 2255 motion [Doc. No. 1] be denied and dismissed with prejudice; (2) Tramble's motion to amend his

-1-

§ 2255 motion [Doc. No. 4] be denied and dismissed with prejudice; (3) Tramble's motion for a summary judgment on his § 2255 claims [Doc. No. 8] be denied and dismissed with prejudice; (4) any application by Tramble seeking to proceed *in forma pauperis* on appeal be denied; and (5) any timely notice of appeal filed by Tramble should be treated as an application for a certificate of appealability and denied. [Doc. No. 11, p. 12].

Tramble has filed an objection [Doc. No. 12] to the Magistrate Judge's report and recommendation. Tramble's objection challenges only the Magistrate Judge's recommendation that his motion to amend his § 2255 motion in light of the decision in *Blakely* be denied and dismissed with prejudice.[1] *Id.*

In pertinent part, the Magistrate Judge recommended that Tramble's motion to amend his § 2255 motion in light of the decision in *Blakely v. Washington*, 542 U.S.___, 124 S. Ct. 738, 756, 160 L.Ed.2d 621 (2005) be denied and dismissed with prejudice. The Magistrate Judge noted that the decision in *United States v. Booker*, __ U.S. __, __, 125 S. Ct. 738, 756, 160 L.Ed.2d 621 (2005), which applied the reasoning of *Blakely* to the Federal Sentencing Guidelines, was issued on January 12, 2005. However, the Magistrate Judge noted that Tramble's conviction became final in January 2003, nearly two years prior to the decision in *Booker*. The Magistrate Judge further noted that the Sixth Circuit, and all the federal Courts of Appeal that have considered the issue, have determined that *Booker* does not retroactively apply to motions brought pursuant to 28 U.S.C. § 2255. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 1999). Hence, the Magistrate Judge recommended that Tramble's motion to amend his § 2255 motion [Doc. No. 4] be denied and dismissed with prejudice.

---

[1] Tramble's *pro se* objection to the magistrate judge's report and recommendation is somewhat rambling and disorganized. However, a thorough review of the document reveals that Tramble has raised only one issue; namely, the decision in *Blakely.*

When considering an objection to a Magistrate Judge's report and recommendation, the Court reviews the matter *de novo* under 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). For the reasons set forth in this memorandum, Tramble's objections to the Magistrate Judge's report and recommendation will be **DENIED**.

In his objection to the Magistrate Judge's report and recommendation, Tramble asks the Court to reconsider the issue of the retroactive application of the decision in *Booker*. [Doc. No. 12]. Tramble further requests that in the event the Court finds that *Booker* does not retroactively apply on collateral appeal, his claim under *Booker* be dismissed ***without prejudice***, rather than with prejudice as recommended by the Magistrate Judge.

The Court, however, finds that Tramble's objections to the Magistrate Judge's report and recommendation are not well taken. In *United States v. Humphress*, 398 F.3d 855 (6th Cir. 2005), the petitioner, Jackie Humphress appealed the district court's denial of his § 2255 motion arguing, *inter alia*, "that his sentence was increased on the basis of facts found by the sentencing court in violation of *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004)." *Humphress*, 398 F.3d at 857. The Sixth Circuit rejected Humphress's argument. It first noted that because Humphress did not file a petition for a writ of *certiorari* with the Supreme Court following the Sixth Circuit's denial of his direct appeal, his conviction became final in January of 2000, ninety (90) days after the denial of his direct appeal. *Id.*, 398 F.3d at 860 (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *United States v. Dick & Humphress*, 194 F.3d 1314 (Table), 1999 WL 825037 (6th Cir. 1999).

The Sixth Circuit then concluded:

> Humphress argues that his sentence was imposed in violation of *Blakely*, ___ U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in *Booker*, ___ U.S.

___, 125 S. Ct. 738, ___ L.Ed.2d ___, which applied the *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. Because we conclude that *Booker's* rule does not apply retroactively in collateral proceedings, we find this claim meritless.

*Humphress*, 398 F.3d at 860.[2]

In this instance, Tramble's conviction became final prior to the decisions in *Blakely* and *Booker*. *See Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072, 1075, 155 L.Ed.2d 88 (2003)(for purposes of 28 U.S.C. § 2255, a conviction becomes "final" when either the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a *certiorari* petition expires."). Tramble's conviction became final on January 13, 2003, when the Supreme Court denied his petition for a writ of *certiorari*. *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002), *cert. denied*, 537 U.S. 1138, 123 S. Ct. 930, 154 L.Ed.2d 832, and *cert. denied*, 537 U.S. 1146, 123 S. Ct. 946, 154 L.Ed.2d 847 (*Tramble v. United States*), and *cert. denied*, 538 U.S. 1036, 123 S. Ct. 2074, 155 L.Ed.2d 1067 (2003).

Thus, the claim which Tramble seeks to assert by virtue of his motion to amend his 2255 motion [Doc. No. 4] is does not apply *retroactively*. *Humphress*, 398 F.3d at 860. Accordingly,

---

[2] Further, the Court notes that although the Supreme Court has not addressed the issue, virtually every Court of Appeals which has addressed the issue has decided that *Booker* does not apply retroactively in initial § 2255 proceedings. See *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005)("Because *Booker* announced a rule that is 'new' and 'procedural,' but not 'watershed,' *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued."). See also *Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005)(". . . *Booker* is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued."). See further *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, ___ U.S. ___, 2005 WL 1105026 (2005)("We conclude . . . *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely* . . . came down, is the appropriate dividing line . . . .").

Tramble's motion to amend his § 2255 motion to vacate, set aside or correct sentence [Doc. No. 4] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

Further, as the Court has noted, Tramble's objection addresses only the Magistrate Judge's recommendation that his motion to amend his § 2255 motion [Doc. No. 4] be denied and dismissed with prejudice. Tramble's written objection [Doc. No. 12] does not address any of the other aspects of the Magistrate Judge's report and recommendation. However, a review of the report and recommendation reveals that it does contain an express notice that failure to file timely objections to the report and recommendation would result in the waiver of further review under *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd by* 474 U.S. 140, 140 n. 7, 106 S. Ct. 466, 472 n. 7, 88 L.Ed.2d 485 (1985) [Doc. No. 11 n. 4]. Therefore, the Court finds that Tramble – by failing to object to any other aspect of the report and recommendation except the recommendation that his motion to amend his § 2255 motion be denied and dismissed with prejudice – has waived further review of all aspects of the report and recommendation except for the issue discussed in detail, above. *Callier v. Gray*, 167 F.3d 977, 979-80 (6th Cir. 1999).

Accordingly, the plaintiff's *pro se* objections to the Magistrate Judge's report and recommendation [Doc. No. 12] will be **DENIED** and the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's report and recommendation [Doc. No. 11] pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

A separate judgment will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE
